**In re COLORADO CENTRE METROPOLITAN DISTRICT, Debtor.**

**Bankruptcy No. 89 B 16410 J.**

United States Bankruptcy Court,
D. Colorado.

April 9, 1992.

Nunc Pro Tunc April 8, 1992.

James S. Bailey, Jr. and Pamela A. Gibson, Calkins, Kramer, Grimshaw & Harring, P.C., Denver, Colo., for debtor.

H. Thomas Coghill and Dean S. Neuwirth, Coghill & Goodspeed, P.C., Denver, Colo., for MFS Mun. Income Trust.

Jane E. Frey, Appel, Frey & Lucas, P.C., Denver, Colo., for the Delaware Group Tax–Free Fund, Inc.

William M. Bass, Pendleton & Sabian, P.C., Denver, Colo., for the Official Bondholder's Committee.

Barry L. Wilkie, Shaw, Spangler & Roth, Denver, Colo., for Boettcher & Co., a div. of Kemper Securities Group, Inc., and Kemper Securities Group Holdings, Inc.

MEMORANDUM OPINION ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Applications for Reimbursement of Attorneys' Fees of Delaware Group Tax–Free Fund, Inc. ("Group") and MFS

Municipal Income Trust ("MFS"). A hearing was held on this matter April 8, 1992.

In a Chapter 9, the Court must determine if the fees paid by the Debtor or any person have been fully disclosed and are reasonable. Specifically, 11 U.S.C. § 943(b)(3) provides as follows:

The court shall confirm the plan if—(3) all amounts to be paid by the debtor or by any person for services or expenses in the case or incident to the plan have been fully disclosed and are reasonable.

This is the only place in the Bankruptcy Code that requires the Court to pass upon the reasonableness of the attorney's fees for a creditor, except for those instances where the creditor is seeking payment from the estate under, e.g., 11 U.S.C. § 503(b)(3).

There is another anomaly in this statute if it is literally construed, i.e. the finding of reasonableness is a prerequisite to confirmation of the debtor's plan. Thus, if the Court determines that the fees paid by a creditor to its attorney are unreasonable, the debtor's plan cannot be confirmed. Such an interpretation would enable an antagonistic creditor to purposefully overpay his attorney in order to defeat the debtors plan—a truly absurd result.

Probably because of the confusing language in § 943(b)(3) these Applicants have filed the within "Applications." These "Applications" are really mislabeled. They should more properly be entitled "Disclosure of Fees and Request for Determination of Reasonableness." These "Applications" are seeking payment, not from the estate, but only from the distribution to Class V claimants.

The Debtor's Fourth Amended Plan for Adjustment of Debts provides that these Applicants have also agreed that to the extent that they file applications with the Court for the payment of fees and expenses pursuant to § 503(b)(3) of the Code, (a Class I claim), the payment of such fees shall not exceed a total of $100,000.00. (Fourth Amended Plan for Adjustment of Debts, Article III, ¶ 3.1). However, because these Applicants seek payment of their fees only from the plan distribution to their clients, these requests are really in the nature of attorneys' liens on the funds owing to their clients and are not § 503(b)(3) claims. Therefore, this Court determines that only holders of the 1987 Series bonds would have standing to object to the amount of the fees. Likewise, because these are not Class I claims, the $100,000.00 limit does not apply.

There were some objections filed to the within "Applications," and based upon the findings and conclusions made upon the record on April 8, 1992, those objections are overruled. Thus, in order to give the parties a certain level of comfort, this Court determines that the fees and costs incurred by the Group and by MFS have been fully disclosed and are reasonable as follows:

| | |
|---|---|
| Stradley, Ronon, Stevens & Young— | $ 65,643.50 |
| Rothgerber, Appel, Powers & Johnson— | $ 16,704.50 |
| Coghill & Goodspeed, P.C.— | $ 20,100.92 |
| Total | $102,448.92 |

IT IS, THEREFORE, ORDERED that the Debtor shall, before any distributions are made to the Class V creditors, pay to these Applicants the sums listed, *infra*, which payments shall be charged to the amounts distributed to the Class V creditors.